[55 NYS3d 665]

In the Matter of Israel A. Burns (Admitted as Israel Adam Burns), an Attorney, Respondent.

Second Department, July 12, 2017

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*David W. Chandler* of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

*Kenneth E. Belkin*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent, Israel A. Burns, admitted as Israel Adam Burns, has submitted an affidavit sworn to on April 17, 2017, in support of his application to resign as an attorney and counselor-at-law (*see* 22 NYCRR 1240.10).

The respondent acknowledges in his affidavit that he is the subject of an investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts involving allegations that he neglected legal matters for several clients, and that he failed to fully account for monies entrusted to him in relation to some of those legal matters. The respondent avers that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional conduct. The respondent further acknowledges that his resignation is freely and voluntarily tendered; that he is not being subjected to coercion or duress by anyone; and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.

As to the issue of restitution, the respondent consents to the entry of an order by this Court, pursuant to Judiciary Law § 90 (6-a), directing that he make monetary restitution, as follows:

Carol Atkinson and Elease Ebanks in the sum of $159,562.50,

Wendy Thomas in the sum of $12,337.01,

Nicole Hill in the sum of $17,581.82,

Marcia Jackson in the sum of $4,000,

Michelle Miller in the sum of $4,000,

Desmond Richards in the sum of $4,000.

The respondent also acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90 (6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.

The respondent also acknowledges and agrees that pending the issuance of this opinion and order accepting his resignation, he would not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.

Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the opinion and order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90 (10).

The Grievance Committee recommends that the respondent's application to resign be granted.

Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., RIVERA, DILLON, BALKIN and CONNOLLY, JJ., concur.

Ordered that the application of Israel A. Burns, admitted as Israel Adam Burns, to resign as an attorney and counselor-at-law is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Israel A. Burns, admitted as Israel Adam Burns is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Israel A. Burns, admitted as Israel Adam Burns, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Israel A. Burns, admitted as Israel Adam Burns, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent, Israel A. Burns, admitted as Israel Adam Burns, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to Carol Atkinson and Elease Ebanks, Wendy Thomas, Nicole Hill, Marcia Jackson, Michelle Miller, and/or Desmond Richards; and it is further,

Ordered that in the event that no awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Carol Atkinson and Elease Ebanks, Wendy Thomas, Nicole Hill, Marcia Jackson, Michelle Miller, and/or Desmond Richards, the respondent, Israel A. Burns, admitted as Israel Adam Burns, shall make monetary restitution to Carol Atkinson and Elease Ebanks in the sum of $159,562.50, to Wendy Thomas in the sum of $12,337.01, to Nicole Hill in the sum of $17,581.82, to Marcia Jackson in the sum of $4,000, to Michelle Miller in the sum of $4,000, and to Desmond Richards in the sum of $4,000, pursuant to Judiciary Law § 90 (6-a); and it is further,

Ordered that in the event that partial awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Carol Atkinson and Elease Ebanks, Wendy Thomas, Nicole Hill, Marcia Jackson, Michelle Miller, and/or Desmond Richards, the respondent, Israel A. Burns, admitted as Israel Adam Burns, shall make partial monetary restitution to those individuals to the extent that they have not been fully reimbursed, pursuant to Judiciary Law § 90 (6-a); and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection or by the Lawyers' Fund for Client Protection when it has been subrogated to the rights of such party; and it is further,

Ordered that if Israel A. Burns, admitted as Israel Adam Burns, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).